# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| ANGELA MIKELL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-19 |
| TYCON MEDICAL SYSTEMS, INC., | |
| Defendant. | |
| CHRISTIAN DAVIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-20 |
| TYCON MEDICAL SYSTEMS, INC., | |
| Defendant. | |
| APRIL BULLOCK, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-21 |
| TYCON MEDICAL SYSTEMS, INC., | |
| Defendant. | |

| | |
|---|---|
| CLAUDE THOMAS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>TYCON MEDICAL SYSTEMS, INC.,<br><br>     Defendant. | Case No. 2:25-cv-37 |
| WILLIAM BAYSMORE, individually and on behalf of all others similarly situated<br><br>     Plaintiff,<br><br>     v.<br><br>TYCON MEDICAL SYSTEMS, INC.,<br><br>     Defendant. | Case No. 2:25-cv-52 |

## OPINION & ORDER

Before the Court is a Motion to Consolidate and to Appoint Interim Co-Lead and Liaison Class Counsel.[1] ECF Nos. 11 (motion), 12 (memorandum).[2] Counsel for

---

[1] The parties filed motions in the above-captioned cases that all seek identical relief.
2:25-cv-19, ECF Nos. 11 (motion), 12 (memorandum)
2:25-cv-20, ECF Nos. 5 (motion), 6 (memorandum)
2:25-cv-21, ECF Nos. 7 (motion), 8 (memorandum)
2:25-cv-37, ECF Nos. 8 (motion), 9 (memorandum)
2:25-cv-52, ECF Nos. 7 (motion), 8 (memorandum).

[2] The parties filed Complaints in the above-captioned cases that generally allege similar facts. Some of the complaints detail individual experiences, but only general facts are cited in this Order. The lead case, 2:25-cv-19, is cited throughout this Order, unless otherwise noted by inclusion of a docket number in the citation.

the plaintiffs have each agreed to the relief sought in the motion. Counsel for the defendant does not oppose consolidating the five pending cases, and supports the appointment of interim lead class counsel, but takes no position on who is appointed. ECF No. 12 at 2 n.1. The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the Motion. See Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J). For the reasons stated herein, the Motion will be **GRANTED IN PART**, as to consolidation and appointment of the proposed interim co-lead class and liaison counsel, and **DENIED IN PART**, as to appointment of the proposed plaintiffs' executive committee.

## I.    BACKGROUND

These proceedings began on January 9, 2025, when a plaintiff, Angela Mikell, filed a class action complaint against the defendant, Tycon Medical Systems ("Tycon"), alleging Tycon failed to properly secure and safeguard against a data breach impacting approximately 112,847 individuals. ECF No. 1; 2:25-cv-37, ECF No. 1 ¶ 16. Four additional cases alleging substantially similar claims were filed in this district. All five complaints are class action complaints and name Tycon as the sole defendant.

---

2:25-cv-19, ECF No. 1
2:25-cv-20, ECF No. 1
2:25-cv-21, ECF No. 1
2:25-cv-37, ECF No. 1
2:25-cv-52, ECF No. 1.

Tycon is a medical equipment company, specializing in items such as custom power wheelchairs, home medical equipment, and CPAP therapy for sleep apnea, that has been servicing Virginia since 1994. ECF No. 1 ¶ 15; 2:25-cv-20, ECF No. 1 ¶ 17; 2:25-cv-52, ECF No. 1 ¶ 22. The plaintiffs and proposed class members are customers of Tycon. ECF No. 1 ¶ 14. In the course of business, the plaintiffs provided Tycon with information such as their addresses, Social Security numbers, health insurance information, other medical information, and other sensitive information. 2:25-cv-21, ECF No. 1 ¶ 26; 2:25-cv-52, ECF No. 1 ¶ 23. Per Tycon's Privacy Policy, the plaintiffs believed that Tycon would protect their private information, use it for business purposes only, and make only authorized disclosures pursuant to Tycon's duties and obligations. ECF No. 1 ¶¶ 20–21; 2:25-cv-21, ECF No. 1 ¶ 28.

On December 30, 2024, the defendant issued public notice of the data breach and began sending notice letters to individuals impacted, including each of the plaintiffs.[3] ECF Nos. 1 ¶ 26, 1-1 (letter).

The plaintiffs claim that Tycon failed to take precautions designed to keep private information secure, to protect its computer systems against unauthorized access, to maintain industry security standards, and to alert the victims of the data breach in a timely fashion, thus breaching its duty to its customers. ECF No. 1 ¶¶ 27, 30–34, 83. By failing to adequately and reasonably protect consumer data, the plaintiffs claim that Tycon failed to comply with the Federal Trade Commission's

---

[3] Plaintiff White received a letter notifying her of the data breach on December 11, 2024. 2:25-cv-52, ECF No. 1 ¶¶ 29–30.

guidelines. *Id.* ¶ 32. Additionally, the plaintiffs allege that Tycon violated HIPPA by failing to comply with the national standards for protection of health information. 2:25-cv-20, ECF No. 1 ¶¶ 69–82.

Plaintiffs' counsel organized independently and agreed upon consolidation and a proposed leadership structure for these cases. ECF No. 12 at 3. The plaintiffs request that the Court (1) consolidate these cases and (2) appoint Leanna A. Loginov of Shamis & Gentile, P.A. and Courtney Maccarone of Levi & Korsinsky, LLP as interim co-lead class counsel, David Lietz of Milberg Coleman Phillips & Bryson, LLP and Kenneth Grunfeld of Kopelowitz Ostrow, P.A., as plaintiffs' executive committee, and David Wise of the Wise Law Firm, PLC as liaison counsel. *Id.*

## II.    LEGAL STANDARDS

### A.    Consolidation

Federal Rule of Civil Procedure 42(a) allows courts to consolidate cases if they involve "a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have "broad discretion" in determining whether to consolidate cases pending in their district. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit generally directs courts to consider whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on [the] parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the

relative expense to all concerned of the single-trial, multiple-trial alternatives."
*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

### B.    Appointment of Interim Class Counsel

The parties seek to appoint interim class counsel, a plaintiffs' executive committee, and liaison counsel. The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In appointing such counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including:

> (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel as well as whether counsel are qualified and responsible whether they will fairly and adequately represent all of the parties on their side, and whether their charges will be reasonable.

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269, 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022) (cleaned up).

III.    **ANALYSIS**

    A.    **Consolidation**

    The five class action suits before the Court allege claims against a single defendant, Tycon, and arise from the same set of facts—a data breach that Tycon identified and began to investigate on October 15, 2024. ECF No. 1 ¶¶ 1, 23. The plaintiffs allege similar injuries, including invasion of privacy; loss of time and productivity to detection and prevention of identity theft; costs associated with detection and prevention of identity theft; diminution of the value of private information; emotional stress of responding to, and resulting from, the data breach; actual or imminent injury arising from potential fraud and identity theft; and the continued risk to their private information. *Id.* ¶ 44. And many of the claims and relief sought in the complaints overlap. *See Blake v. R&B Corp. of Virginia*, No. 4:23-cv-66, 2023 WL 4646102, at *1 (E.D. Va. July 20, 2023) ("*In re R&B Corp.*") (consolidating where "[a]ll [cases] are class action suits that allege claims against a single defendant arising out of a data breach . . . . [and] [m]any of the claims and relief sought in the complaints overlap."); *see also Darrin v. Huntington Ingalls Indus.*, No. 4:23-cv-53, 2023 WL 4938072, at *1 (E.D. Va. July 6, 2023) (consolidating where "[a]ll four of these cases arise out of the same alleged data breach, in which unknown individuals obtained access to the defendants' information network, allegedly causing harm to the plaintiffs.").

    Because the cases are in their early stages, the risks of prejudice and possible confusion are low. The Court will save time and resources for everyone involved by

adjudicating one suit rather than the multiple filed and potential future suits. No putative class members oppose consolidation or assert any burdens or expenses caused by consolidating.[4] Thus, the Court finds that consolidating the above-captioned cases is warranted.

### B.    Appointment of Interim Class Counsel

The plaintiffs propose to appoint two lawyers from two law firms as interim co-lead class counsel: Leanna A. Loginov of Shamis & Gentile, P.A., and Courtney Maccarone of Levi & Korsinsky, LLP. ECF No. 12 at 3. The plaintiffs also propose to appoint two lawyers from two law firms as plaintiffs' executive committee: David Leitz of Milberg Coleman Phillips & Bryson, LLP, and Kenneth Grunfeld of Kopelowitz Ostrow, P.A.. *Id.* Lastly, the plaintiffs seek to appoint David Hamilton Wise of Wise Law Firm PLC as liaison counsel. *Id.* The plaintiffs assert that "this team [is] 'best able' to represent the interests of the putative class while ensuring that tasks are performed efficiently and in a timely manner." *Id.* at 7. The plaintiffs also argue that "the proposed structure is the most efficient way to successfully litigate the consolidated action . . . [g]iven the complexity of the claims, the number of claims alleged, and the sophistication of the clients involved." *Id.* Because the defendant "is a large corporation with substantial resources and top-tier

---

[4] Although this is not a securities case, courts in this district consolidate securities class action cases where a consolidation is "uncontested and all complaints claim securities fraud . . . arising out of the same alleged misrepresentations." *Bousso v. Spire Glob.*, Inc., No. 1:24-cv-01458, 2024 WL 4873311, at *2 (E.D. Va. Nov. 21, 2024) (internal quotations omitted). The same logic can be applied here, where the consolidation is uncontested, and the complaints arise out of the same data breach and misrepresentations of privacy and security by Tycon.

representation," the plaintiffs argue that this structure "ensures that [the] [p]laintiffs will have the necessary resources to litigate the consolidated action." *Id.* All plaintiffs' counsel "have agreed upon . . . [this] proposed leadership structure." *Id.* at 3.

### i.   *Interim Co-Lead Class Counsel and Liaison Counsel*

The appointment of three or more law firms as class counsel in complex cases is not unusual. *See, e.g.*, *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-cv-1290, 2013 WL 444619, at *9 (S.D. Cal. Feb. 5, 2013); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001). Moreover, data breach class action cases are "particularly risky, expensive, and complex, and they present significant challenges to plaintiffs at the class certification stage." *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) (citation omitted). Based on the parties' representations, the Court concludes that each of the Rule 23(g)(1) factors supports appointing co-lead interim counsel and liaison counsel as requested.

### a.   *Work towards identifying or investigating potential claims*

In terms of advancing the case, the proposed counsel states that they have "committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation," including, "investigating and researching the potential legal theories and claims at issue, researching and reviewing information relating to the factual underpinnings of the data breach and this litigation, and communicating with affected persons impacted by the [d]ata [b]reach, as well as retained clients" ECF No. 12 at 8.

*b.    Experience and knowledge of the applicable law*

The second and third factors of Rule 23(g)(1)(a) direct the Court to consider the proposed counsel's experience in class actions, complex litigation, and the types of substantive claims asserted as well as proposed counsel's knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii).

Each of the proposed interim co-lead class counsel and their law firms have substantial experience litigating complex class action cases. ECF No. 12 at 10–18 (summarizing experience); ECF No. 12-1 (Shamise & Gentile Firm Resume); ECF No. 12-2 (Levi & Korsinsky Firm Resume); ECF No. 12-5 (Wise Law Firm Resume). Together, they and proposed liaison counsel have appeared in dozens of class actions in federal courts around the country. Proposed interim co-lead class counsel Loginov is a partner at her firm, specializing in data privacy and consumer protection litigation. ECF Nos. 12 at 10, 12-1 at 3. She has extensive experience litigating data breach class actions throughout the country. ECF No. 12 at 10. Proposed interim co-lead class counsel Maccarone is a partner at her firm, specializing in consumer class action litigation. ECF No. 12 at 11–12; ECF No. 12-2 at 48. She has extensive experience handling consumer class actions and has significant experience in litigating data breach and privacy-related class actions. ECF No. 12 at 11–12. Proposed liaison counsel has appeared in a number of cases in this District.[5]

---

[5] The motion references two class action cases in the Norfolk Division in which proposed liaison counsel has successfully served in that role. One of these is the current case, *Davis v. Tycon Medical Systems Inc.*, 2:25-cv-20. The other case is *Hamilton, et al. v. Vann-Virginia Center for Orthopaedics, P.C. d/b/a Atlantic Orthopaedic Specialists*, 2:24-cv-696. However, proposed liaison counsel has more

*c.    Resources to be committed to representation*

As noted above, *see supra* Part III.B.i.a., counsel represents that they have "committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation." ECF No. 12 at 8. Counsel also states that the proposed co-lead class counsel law firms are "well capitalized and have years of experience prosecuting and self-funding complex class action litigation," and that "[e]ach firm has advanced significant resources to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions." *Id.* at 18. The Court credits those representations in light of its review of the various experience of counsel in handling similar matters. *Id.*

*d. Other considerations*

*1.    Attorney's Fees*

All plaintiffs except Plaintiff Mikell seek attorney's fees. 2:25-cv-20, ECF No. 1 at 45 (Christian Davis); 2:25-cv-21, ECF No. 1 at 56 (April Bullock); 2:25-cv-37, ECF No. 1 at 39 (Claude Thomas); 2:25-cv-52, ECF No. 1 at 36 (William Baysmore). Given that some of the plaintiffs are seeking attorney's fees, the Court is mindful of the inefficiencies that can arise when lawyers from multiple law firms are jointly representing a party. *See, e.g., Patel v. St. John's Univ.*, No. 20-cv-2114, 2020 WL

---

extensive experience in this Court's sister division in Newport News, including four cases (*Huntington Ingalls Indus.*, 2023 WL 4938072; *Soles v. Huntington Ingalls Industries*, 4:23-cv-59; *Beadle v. Huntington Ingalls Industries*, 4:23-cv-65; *In re R&B Corp.*, 2023 WL 4646102). Accordingly, the Court recognizes counsel's experience in the Newport News Division will likely transfer well to the Norfolk Division.

13157553, at *3 (E.D.N.Y. Dec. 27, 2020) ("This Court's experience teaches that, when multiple law firms are involved, litigation tasks take more time. For example, it is not uncommon in fee applications to see time attributed to conferences among co-counsel."). However, this is not a reason to decline consolidation or appointment of interim class counsel. Plaintiffs' counsel are cautioned that, should attorneys' fees ultimately be awarded, the Court will need to carefully scrutinize any billing records that are submitted.

### 2.    *Responsibility of Counsel*

The Court also considers that "counsel for all [the] [p]laintiffs met and conferred and agreed that it is in the best interest of the [p]laintiffs and putative class members to form a unified front and cooperatively litigate the claims. . . in this action" rather than to "file competing leadership applications in as many as five separate actions." ECF No. 12 at 19. This factor, and the collaborative efforts shown, weigh in favor of appointing the proposed counsel.

In light of the foregoing, the Court finds that appointment of the two proposed lawyers and firms as interim co-lead class counsel and David Wise as liaison counsel is warranted.

### ii.    *Plaintiffs' Executive Committee*

The plaintiffs have also proposed to appoint a plaintiffs' executive committee in addition to co-lead interim class counsel and liaison counsel. "Committees of counsel are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making . . . .

12

They often compete against considerations of efficiency and economy . . . and can lead to substantially increased costs and unnecessary duplication of efforts." *In re Gerber*, 2022 WL 1494378, at *3 (cleaned up). The Court should "establish a committee if the litigation involves numerous complex issues, if there is a substantial amount of work to be done, or if the plaintiffs have different interests that require separate representation." *Id.* However, "[c]ourts routinely deny requests for appointment of executive committees where plaintiffs fail to demonstrate that such appointment is necessary." *Id.*; *see In re 5-Hour Energy Mktg. v. Innovation Ventures, LLC,* No. cv 13-4001 PSG (PLAX), 2013 WL 12134144, at *2 (C.D. Cal. Nov. 8, 2013) (denying appointment of an executive committee where the Court is confident that interim co-lead class counsel "will assign and organize work in a way that best serves the interests of the proposed class members.")

Here, the plaintiffs argue that the "complexity of the claims, the number of claims alleged, and the sophistication of the clients involved," as well as the fact that Tycon is a "large corporation with substantial resources and top-tier representation" support the proposed structure. ECF No. 12 at 7. However, the case stems from one data breach, it is comprised of lawsuits with similar claims, and the plaintiffs have not argued that it involves numerous complex issues. The plaintiffs allege the same or substantially similar harm, and they do not allege different interests requiring separate representation.

The proposed Plaintiffs' Executive Committee, David Lietz and Kenneth Grunfeld, are already serving as counsel for existing plaintiffs April Bullock and

Christian Davis, respectively. ECF Nos. 12 at 13 ("David Lietz . . . is counsel for [p]laintiff April Bullock."), 16 ("Kenneth Grunfeld is counsel for [p]laintiff Christian Davis.").

While the "Court is confident that the attorneys and law firms involved are all highly qualified, experienced, professional, and well-regarded in their fields . . . the Court must choose interim class counsel best able 'to fairly and adequately represent the interests of the class.'" *In re Gerber*, 2022 WL 1494378, at *2 (citing Fed. R. Civ. P. 23(g)(1)(B)); *cf. In re Zetia (Ezetimibe) Antitrust Litig.,* No. 2:18-cv-1004, ECF No. 69 (Order) (appointing plaintiffs' executive committee where the case involved different categories of plaintiffs, and where the executive committee's role was limited to "from time to time, providing advice and input to lead counsel.") The plaintiffs have not specified such a role or tasks to warrant appointment of the proposed Plaintiff's Executive Committee.[6] Accordingly, at this stage of litigation, the Court does not find it necessary to appoint the proposed Plaintiffs' Executive Committee in addition to interim co-lead class counsel.

---

[6] It is true that data breach class action cases are "particularly risky, expensive, and complex, and they present significant challenges to plaintiffs at the class certification stage." *Gordon*, 2019 WL 6972701, at *1 (citation omitted). However, this alone does not warrant the appointment of plaintiff's executive committee. *See In re R&B Corp.,* 2023 WL 4646102 (data breach class action case where the Court did not appoint plaintiff's executive counsel at this juncture); *see also Huntington Ingalls Indus.*, 2023 WL 4938072 (same).

**C.     Filing of an Amended Complaint and Other Miscellaneous Requested Relief**

The parties request that the Court (1) order plaintiffs to file an operative, Consolidated Class Action Complaint within 45 days and (2) relieve the defendant of the obligation of answering each individual complaint. ECF No. 12 at 21.

The Court is not inclined to give the parties an extension beyond the typical 30 day deadline to file an operative Consolidated Class Action Complaint. *See Huntington Ingalls Indus.*, 2023 WL 4938072, at *2; *see also In re R&B Corp.*, 2023 WL 4646102, at *4. The applicable deadlines from the Federal Rules of Civil Procedure and the Local Rules of this District shall govern, and counsel can file specific requests for extensions of time as are necessary and justified by good cause.

Accordingly, the plaintiffs are **ORDERED** to file an operative, consolidated class action complaint by Monday, April 7, 2025. The defendant is relieved of the obligation to answer each individual complaint and, instead, the defendant is **ORDERED** to respond to the consolidated class action complaint within the time prescribed by the Federal Rules of Civil Procedure, unless the Court orders otherwise.[7]

---

[7] The instant motion does not address how the Court should handle subsequently filed, transferred, or removed actions that come to this Court and arise out of similar facts as the above-captioned cases. The Court invites the parties to file a proposal detailing how the Court should handle subsequent, related cases.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the following cases are consolidated for all purposes: 2:25-cv-19, 2:25-cv-20, 2:25-cv-21, 2:25-cv-37, 2:25-cv-52. All filings shall be made in the lead case, 2:25-cv-19, and shall bear the following case caption:

| | |
|---|---|
| IN RE TYCON MEDICAL SYSTEMS, INC., DATA SECURITY BREACH LITIGATION | Case No. 2:25-cv-19 (Consolidated) |

The Clerk is **DIRECTED** to amend the case name of the lead case 2:25-cv-19 on CM/ECF to: *In re Tycon Medical Systems, Inc., Data Security Breach Litigation.*

The Motion to Consolidate Cases and to Appoint Interim Co-Lead and Liaison Class Counsel (ECF No. 11) is **GRANTED IN PART**, as to consolidation and appointment of proposed Interim Co-Lead and Liaison Counsel, and **DENIED IN PART**, as to appointment of proposed Plaintiffs' Executive Committee.

It is **ORDERED** that Leanna A. Loginov of Shamis & Gentile, P.A., and Courtney Maccarone of Levi & Korsinsky are hereby **APPOINTED** as Interim Co-Lead Class Counsel, and David Hilton Wise of the Wise Law Firm PLC is hereby **APPOINTED** as Liaison Counsel.

All aforementioned counsel are **ORDERED** to review the Local Civil Rules of this District in their entirety.

The plaintiffs are **ORDERED** to file an amended, consolidated complaint by Monday, April 7, 2025.

16

The defendant is **ORDERED** to answer or otherwise respond to the amended complaint within the timeframe articulated by the Federal Rules of Civil Procedure.

The defendant is **RELIEVED** of its obligation to respond to the individual complaints filed in the above-captioned cases.

**IT IS SO ORDERED.**

_____ /s/ _____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 6, 2025

17